PAMELA KOHLMAN WEBSTER (SBN: 105937)
AUSTIN K. BARRON (SBN: 204452)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: pwebster@buchalter.com

Attorneys for Potential Bidder
Columbia Pictures Industries, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-31853-ER |
| T ASSET ACQUISITION COMPANY, LLC, a Delaware limited liability company; HALCYON HOLDING GROUP, LLC, dba THE HALCYON COMPANY, a Delaware limited liability company; and DOMINION GROUP LLC, a California limited liability company, | Chapter: 11 <br><br> (Jointly Administered with Case Nos: 2:09-31854-ER and 2:09-31855-ER) <br><br> **LIMITED OBJECTION TO DEBTORS' MOTIONS FOR ORDERS (I) AUTHORIZING AND APPROVING SALE OF DEBTORS' ASSETS RELATING TO THE *TERMINATOR* MOTION PICTURE FRANCHISE; AND (II) ESTABLISHING SALE PROCEDURES FOR SALE OF DEBTORS' ASSETS RELATING TO THE *TERMINATOR* MOTION PICTURE FRANCHISE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE** |
| Debtors. | |
| **Check One or More as Appropriate:** <br><br> Affects All Debtors: ☒ <br> Affects T Asset Acquisition Company, LLC only ☐ <br> Affects Halcyon Holding Group, LLC only ☐ <br> Affects Dominion Group LLC only ☐ | Date: January 6, 2010 <br> Time: 10:00 a.m. <br> Ctrm: Courtroom 1568 <br>       255 E. Temple Street <br>       Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE AND ALL PARTIES IN INTEREST:**

Columbia Pictures Industries, Inc. ("Columbia Pictures"), through its attorneys, respectfully submits this Limited Objection (the "Objection") to the Debtors' Motions for Orders (i) Authorizing and Approving Sale of Debtors' Assets Relating to the Terminator Motion Picture Franchise (the "Sale Motion") and (ii) Establishing Sale Procedures for Sale of Debtors' Assets Relating to the *Terminator* Motion Picture Franchise, Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363 and 365 of the Bankruptcy Code (Docket Nos. 189 and 190, collectively, the "Motions") filed by T Asset Acquisition Company, LLC ("TAC"), Halcyon Holding Group, LLC ("Halcyon"), and Dominion Group LLC ("Dominion" and, together with TAC and Halcyon, the "Debtors"). In support of this Limited Objection, Columbia Pictures represents as follows:

## I. INTRODUCTION

1. Together, the Motions purport to seek the sale of certain franchise and sequel rights pertaining to the *Terminator* films and to seek this Court's approval of certain related sales procedures. While Columbia Pictures has no objections to the sale *per se;* indeed it may be an interested party in pursuing the assets on offer,[1] it believes the requested sales procedures are unnecessarily draconian on bidders. As such, they run the risk of chilling participation in the proposed auction. Particularly in the present case where no stalking horse bidder has required or demanded strict sales procedures to protect its position, there is no reasonable justification for imposing any restrictions that would possibly inhibit bidders from participating.

2. Columbia Pictures also has a significant concern about certain structural issues appurtenant to the proposed sale. Per the Sale Motion, the "Debtors propose to transfer the Assets free and clear of all liens, claims, encumbrances and other interests...." (Docket No. 189, at 8), and then lists those parties who have purported to assert a "Lien" interest, limited to

---

[1] As set forth in an earlier pleading (Docket No. 30), Columbia Pictures' affiliate Worldwide SPE Acquisitions Inc. ("WSPE") is a direct creditor of the Debtors and has independent standing to object to the Motions. To the extent that any party in interest objects to the standing of a potential bidder to raise objections to the bidding procedures, WSPE hereby joins in these Limited Objections.

Pacificor,[2] Guinn, the Screen Actors Guild, Warner Brothers, WSPE, Union Bank and International Film Guarantors. The Sale Motion then provides an extensive list of parties who have purported to assert other types of interests (including executory contract rights and what the Debtors have defined as Participations and Attachment Rights). The Motions evidence a strong preference that a buyer take subject to all of the other rights, although Columbia Pictures understands that buyers have the option to submit a revised Asset Purchase Agreement that provides that it will acquire the assets free and clear of those interests as well.

3. Yet, these groups of interests are not all the purported interests that a potential buyer would look to acquire free and clear from. Specifically, while the issue is not free from doubt, the creator of the *Terminator* franchise, James Cameron ("Cameron"), may hold a statutory right to reclaim the franchise from any potential purchaser. The value of the franchise, indeed any assets, are worth more if they are not defeasible in a relatively short period of time. As presently structured, however, the Motions do not appear to allow such a bid to be proposed or accepted and Cameron's rights are not discussed. Moreover, Columbia Pictures cannot determine whether the Motions were served on Cameron, unnecessarily creating a due process issue.

4. For these reasons, and as explained in more detail below, Columbia Pictures respectfully presents this Limited Opposition and requests that the Court (1) modify and amend the proposed sales procedures and (2) require Debtors to amend its procedures and enhance its notice so as to allow a sale that provides for the elimination of statutory rights to reclaim the *Terminator* franchise, if any, each as explained in more detail below.

## II. THE SALE PROCEDURES THREATEN TO DISCOURAGE BIDDERS

5. Columbia Pictures does not object to the majority of the proposed sale procedures. Even though the timeline is somewhat accelerated and partially straddled the holidays, the assets have been on the market for some time. Indeed, Columbia Picture's objections to the sale procedures in and of themselves are quite limited, relating only to the proposed provisions concerning deposits and backup bidder status.

---

[2] Capitalized terms not otherwise defined in this Limited Objection will be used as defined in the Motions.

6.      Specifically, Section B.3 requires bids to "remain open and irrevocable" until entry of an Approval Order. Section E.5 goes even further, apparently requiring <u>non-winning</u> bids to remain open for up to sixty days after entry of the Approval Order.

7.      These provisions present several complications. First, Section E.5 and even Section B.3 require that participants write into their bids an uncompensated option, giving the Debtors the right to hold such bidders hostage to not only to whims of the Debtors but also to the travails of the auction and of bankruptcy process in general. With respect to Section B.3, there is no guaranty that the Approval Order will be entered at any commercially reasonable time following the submission of the bids and, as this Court is aware, bankruptcy auctions are fluid situations. To require a bidder to stand by its initial bid beyond the Debtors' final or even initial selection of the leading bidder does not comport with equity or with reasonable expectations for bankruptcy auctions or, indeed, any commercial transaction. Section E.5 is even more egregious – the Debtors' estimates of the value of their assets run into the tens of millions of dollars, which is a significant obligation for any party to have floating for any amount of time, let alone two months.

8.      Looked at one way, a bid is an offer, and once the Debtors accept another offer all other offers should be deemed rejected. Looked at another, the Debtors are seeking to acquire an option from each bidder without compensation, and an option without consideration is unenforceable. Either way, asking bidders to extend and commit capital in the tens of millions of dollars for such an extended period of time is inequitable and commercially unreasonable, and ultimately runs a considerable risk of deterring bidder participation. This Court should strike the provisions of the proposed Bidding Procedures that purport to require bidders to extend an uncompensated option, and provide instead that (i) initial bids are binding only until selection by the Debtors of an initial winning bid, not until entry of the Approval Order, and (ii) the Debtors' option of closing with any backup bidders should be at the discretion of the backup bidders.

### III. THE SALE PROCEDURES AND NOTICE OF THE MOTIONS DO NOT ADEQUATELY PROVIDE FOR A TRUE FREE AND CLEAR SALE

9. The Debtors in the Sale Motion "propose to transfer the Assets free and clear of all liens, claims, encumbrances and other interests...." (Docket No. 189, at 8). However, as alluded to above, the sale and notice procedures as presently contemplated do not presently provide for a sale free and clear of all relevant interests. As explained below, this presents a significant potential barrier to bidders, and the Court should address these issues now while they can still be rectified.

10. The problem before the Court arises from an increasingly publicized provision of the Copyright Act, Section 203. *See* 17 U.S.C. § 203. Specifically, Section 203 provides authors (or their heirs) a limited statutory right to terminate grants of transfers or licenses of copyrighted works. Mechanically, the right can be exercised on two to ten years notice, to take effect at any point during a five year period commencing 35 years after the initial grant. Importantly, the statute specifically provides that termination "may be effected notwithstanding any agreement to the contrary...." 17 U.S.C. § 203(a)(5).

11. Applied to the present situation, the original *Terminator* movie may have been based on a story by Cameron, who then assigned it to a single purpose entity that wrote the screenplay. While works for hire (such as the screenplay) are specifically excepted from the scope of Section 203, Section 203 might still apply to the original story. Altogether, this means that the *Terminator* rights could be defeasible as early as 2019 unless Section 203 rights are addressed in the sale order.

12. While it does appear that the trend in recent jurisprudence is to interpret the "free and clear" provisions of the Bankruptcy Code broadly,[3] this Limited Objection is neither the time nor place to brief the issue definitely of whether Section 203 termination rights qualify as an "interest" under Section 363(f) of the Bankruptcy Code. However, from a practical and business perspective, potential bidders like Columbia Pictures need to know in framing their bid whether

---

[3] See, for example, *Precision industries v. Qualitech Steel SBQ*, 327 F. 3d 537, (7th Cir. 2003) and cases following its reasoning.

the most valuable asset they are buying could disappear in less than ten years.  Unfortunately, the Motions do not appear to provide a mechanism by which any prospective bidder could obtain that knowledge since Cameron's rights, if any, are not addressed.  Leaving aside any briefing issues required, Columbia Pictures cannot determine whether Cameron has even been served with the Motions, let alone put on specific notice like the other interest-holders such as WSPE.

13. While the Debtors are free to propose a sale on any terms their business judgment dictates, they have proposed a sale "free and clear" of all "interests" without providing an accompanying mechanism to sell free and clear of perhaps the largest adverse interest in the assets.  The Debtors should be required to address this by providing a mechanism for a bidder to present a bid, and obtain an order providing, for a true "free and clear" sale.

## IV.    CONCLUSION

WHEREFORE, Columbia Pictures respectfully requests the Court condition approval of the Sale Procedures as set forth above, and provide such other and further relief as is just and proper.

DATED: January 4, 2010

BUCHALTER NEMER
A Professional Corporation
PAMELA KOHLMAN WEBSTER
AUSTIN K. BARRON

By: /s/ Pamela Kohlman Webster
    PAMELA KOHLMAN WEBSTER
    Attorneys for Potential Bidder
    Columbia Pictures Industries, Inc.

| In re:<br>T ASSET ACQUISITION COMPANY, LLC,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:09-bk-31853-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Buchalter Nemer, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA 90017

The foregoing document described <u>LIMITED OBJECTION TO DEBTORS' MOTIONS FOR ORDERS (I) AUTHORIZING AND APPROVING SALE OF DEBTORS' ASSETS RELATING TO THE TERMINATOR MOTION PICTURE FRANCHISE; AND (II) ESTABLISHING SALE PROCEDURES FOR SALE OF DEBTORS' ASSETS RELATING TO THE TERMINATOR MOTION PICTURE FRANCHISE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>January 5, 2010</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>January 5, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>January 5, 2010</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA MESSENGER**
Hon. Ernest M. Robles, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple St., Suite 1560, Los Angeles, CA 90012-3332 (courtesy copies bin outside courtroom 1560)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 5, 2010 | Terrine Pearsall | /s/ Terrine Pearsall |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

BN 5050254v1

| In re:<br>T ASSET ACQUISITION COMPANY, LLC,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:09-bk-31853-ER |
|---|---|

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- David E Ahdoot    dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com
- Korin A Avelino    kelliott@ktbslaw.com
- Austin K Barron    abarron@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
- Sandor T Boxer    tedb@tedboxer.com
- Martin J Brill    mjb@lnbrb.com
- Alberto J Campain    acampain@blutlaw.com
- Marc S Cohen    mcohen@kayescholer.com
- Ashleigh A Danker    adanker@kayescholer.com
- G Larry Engel    lengel@mofo.com
- Wayne S Flick    wayne.s.flick@lw.com, colleen.rico@lw.com
- Scott F Gautier    sgautier@pwkllp.com
- Julian I Gurule    jgurule@pwkllp.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Louis E Kempinsky    lkempinsky@pwkllp.com
- Joseph A Kohanski    jkohanski@bushquinonez.com
- Dare Law    dare.law@usdoj.gov
- David W Levene    dwl@lnbrb.com
- Richard Levy    rlevy@pryorcashman.com
- Monserrat Morales    mmorales@pwkllp.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Kimberly A Posin    kim.posin@lw.com
- David B Shemano    dshemano@pwkllp.com
- Adam M Starr    starra@gtlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jason Wallach    jwallach@gladstonemichel.com
- Pamela Kohlman Webster    pwebster@buchalter.com
- Howard J Weg    hweg@pwkllp.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
ALL VIA U.S. MAIL

Patricia Glaser
Glaser Weil Fink Jacobs Howard & Shapiro
10250 Constellation Blvd, 19th Fl
Los Angeles, CA 90067

Jennings, Strouss & Salmon, PLC
The Collier Center, 11th Fl
201 E Washington St
Phoenix, AZ 85004-2385

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

BN 5050254v1

| In re:<br>T ASSET ACQUISITION COMPANY, LLC,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:09-bk-31853-ER |
|---|---|

Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Blvd., sTe.1700
Los Angeles, CA 90067

Peitzman Weg & Kempinsky
10100 Santa Monica Blvd., Suite 1450
Los Angeles, CA  90067

Bryan Sullivan
Glaser Weil Fink Jacobs Howard & Shapiro
10250 Constellation Blvd
19th Floor
Los Angeles, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9013-3.1**

BN 5050254v1