Howard J. Weg (State Bar No. 91057)
hweg@pwkllp.com
Scott F. Gautier (State Bar No. 211742)
sgautier@pwkllp.com
Monsi Morales (State Bar No. 235520)
mmorales@pwkllp.com
Julian I. Gurule (State Bar No. 252160)
jgurule@pwkllp.com
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile:  (310) 552-3101

Counsel for T Asset Acquisition
Company, LLC, Halcyon Holding Group, LLC,
dba The Halcyon Company, and Dominion Group LLC,
Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>T ASSET ACQUISITION COMPANY, LLC, a Delaware limited liability company; HALCYON HOLDING GROUP, LLC, dba THE HALCYON COMPANY, a Delaware limited liability company; and DOMINION GROUP LLC, a California limited liability company,<br><br>Debtors.<br><br>**Check One or More as Appropriate:**<br>Affects All Debtors: ☒<br>Affects T Asset Acquisition Company, LLC only: ☐<br>Affects Halcyon Holding Group, LLC only: ☐<br>Affects Dominion Group LLC only: ☐ | Case No.: 2:09-31853-ER<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos.: 2:09-31854-ER and 2:09-31855-ER)<br><br>**REPLY IN SUPPORT OF DEBTORS' MOTION TO (1) EXTEND DEBTORS' EXCLUSIVITY PERIOD FOR FILING AND GAINING ACCEPTANCE OF A PLAN OF REORGANIZATION, AND (2) EXTENDING DEBTORS' PERIOD TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY; DECLARATION OF SCOTT F. GAUTIER**<br><br>**Hearing:**<br>Date: January 13, 2010<br>Time: 10:00 a.m.<br>Location: Courtroom 1568<br>255 E. Temple St.<br>Los Angeles, California |

///

///

///

1

## I.

## INTRODUCTION

In order to facilitate the ongoing sale or refinancing process that the above-captioned debtors (the "Debtors") believe will yield the maximum possible return on the assets of the Debtors' estates (the "Estates"), and allow the Debtors additional time to resolve the disputes with Pacificor, LLC ("Pacificor") and Susan Guinn ("Guinn"), the Debtors filed the Motion To (1) Extend Debtors' Exclusivity Period For Filing And Gaining Acceptance Of A Plan Of Reorganization, And (2) Extending Debtors' Period To Assume Or Reject Unexpired Leases Of Non-Residential Real Property (the "Motion"), seeking a reasonable extension of their exclusive period to file and gain acceptance of a plan of reorganization. Considering the progress that the Debtors have made in their cases, the Debtors now believe that it will be feasible to file a plan by March 15, 2010, and gain acceptance of a plan by May 15, 2010. The Court should grant the requested extension because it will move the case forward and allow the Debtors to file a concrete and meaningful plan of reorganization.

## II.

## FACTUAL BACKGROUND

The Debtors are moving forward expeditiously with their process of marketing for sale or refinance (the "Transaction Process") the rights to the *Terminator* film franchise (the "Franchise"). To this end, on December 18, 2009, the Debtors filed pleadings relating to the Transaction Process and set a sale hearing in February 2010. Although the Debtors expect to conclude the Transaction Process in February 2010, certain details about the structure of the final transaction remain unknown, including, for example, whether the Debtors will receive all cash or cash and a contingent component in exchange for the Franchise. These additional details may affect the structure and content of a proposed plan.

### A.    Pacificor Litigation.

The Debtors' dispute with Pacificor concerning the amount of Pacificor's alleged claims remains unresolved. The Debtors filed a complaint, initiating an adversary proceeding against Pacificor and Pacificor has filed a motion with this Court seeking to compel the parties to binding arbitration. Absent settlement negotiations, which Pacificor has thus far refused due to drastically

2

differing interpretations by the parties of a prior settlement agreement, the Debtors estimate that it may take upwards of 6-12 months to resolve the Pacificor dispute through litigation.

### B.     Guinn Claim.

The Debtors' dispute with Guinn also remains unresolved. Because Guinn was hired by the Debtors to work to resolve the Pacificor dispute, it will be difficult to value Guinn's services until the Pacificor matter is resolved. The parties have commenced non-binding arbitration, as ordered by the Court, and have engaged in limited settlement discussions; the Debtors may be able to finalize a settlement offer to Guinn following the proposed sale hearing.

The Debtors are hopeful that the various proceedings aimed at monetizing the Franchise and resolving the Pacificor and Guinn disputes will provide information necessary for formulating a concrete and meaningful plan of reorganization.

### III.

### ARGUMENT

Bankruptcy Code section 1121(d) states that, upon a showing of cause, the bankruptcy court may extend the debtor's exclusive periods for filing and gaining acceptance of a plan of reorganization. While the Bankruptcy Code does not define "cause" for purposes of section 1121(d), courts have held that "a transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l. Hosp. (In re Henry Mayo Newhall Mem'l. Hosp.)*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002) (citing *In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997)). In ascertaining whether "cause" exists, the bankruptcy court may consider a litany of additional factors favoring exclusivity, including the existence of an unresolved contingency and the debtor's good-faith progress towards reorganization. *Bunch v. Hoffinger Indust., Inc. (In re Hoffinger Indust., Inc.)*, 292 B.R. 639, 643-644 (B.A.P. 8th Cir. 2003) (affirming bankruptcy court's extension of exclusivity and applying often-cited nine-factor exclusivity test); *In re Adelphia Commc'n. Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006). An extension is also appropriate where the debtor is attempting to market and sell "highly unliquid assets." *See In re McLean Indust., Inc.*, 87 B.R. 830, 835 (Bankr. S.D.N.Y. 1987) (debtor developed business plan calling for marketing and disposition of

large real property holdings). Moreover, courts have found cause to extend exclusivity where, among other things, the "recalcitrance of certain creditors has posed a significant hurdle to timely plan development." *In the Matter of Homestead Partners, Ltd.*, 197 B.R. 706, 719-720 (Bankr. N.D. Ga. 1996). Here, an extension is warranted because it will allow time for the Debtors to monetize the Franchise and work to resolve the Pacificor and Guinn disputes, thereby moving the case towards a fair and equitable resolution.

By providing the Debtors with a reasonable period to consummate a sale or refinancing transaction, an extension of exclusivity will allow the Debtors to propose a concrete and meaningful plan of reorganization. For example, an extension of exclusivity will allow the Debtors to file a plan that takes into consideration the structure of the final transaction, including whether, in the case of a sale, the consideration is all cash or provides for future cash flows that will require distribution, perhaps through a liquidating trust. Furthermore, the Debtors are making good faith progress towards concluding a sale or refinancing, as evidenced by the sale hearing calendared for February 10, 2010.

An extension will also allow the Debtors additional time to resolve their disputes with Pacificor and Guinn and incorporate any settlements into a proposed plan. Together, Pacificor and Guinn have alleged secured claims in excess of $45 million, representing major unresolved contingencies against the Estates that will hamper efforts at drafting a concrete and meaningful plan. An extension is therefore warranted because the Guinn matter is moving towards resolution by way of the non-binding arbitration and introductory settlement discussions, and the Debtors have filed a complaint seeking to resolve the Pacificor dispute. Pacificor and Guinn will not be prejudiced by an extension because, even in the event that the Court denies the Motion, Pacificor and Guinn will not receive any distribution from the Estates until their claims have been adjudicated. Furthermore, the timeline proposed by Pacificor is not in the best interests of the Estates because such an accelerated schedule would siphon the Debtors' professional resources away from their current focus on the Transaction Process.

///

///

///

## IV.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request entry of an order (i) extending the Debtors' exclusive period for filing a plan of reorganization until March 15, 2010, (ii) extending the Debtors' exclusive period for gaining acceptance of a plan of reorganization until May 15, 2010, and (iii) granting such other an further relief as the Court deems appropriate.

Date: January 6, 2010                              PEITZMAN, WEG & KEMPINSKY LLP


                                                   By: _____/s/ Julian I. Gurule_____
                                                        Scott F. Gautier
                                                        Julian I. Gurule
                                                   Attorneys for the debtors and debtors in possession

## DECLARATION OF SCOTT F. GAUTIER

I, Scott F. Gautier, declare as follows:

1. I am a partner with the law firm of Peitzman, Weg & Kempinsky LLP, bankruptcy counsel for T Asset Acquisition Company, LLC, Halcyon Holding Group, LLC d/b/a The Halcyon Company, and Dominion Group LLC (collectively, the "Debtors"), as debtors in possession. I am admitted to practice law before all the courts of the State of California and the Bankruptcy Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify thereto.

2. I submit this Declaration in support of the Motion To (1) Extend Debtors' Exclusivity Period For Filing And Gaining Acceptance Of A Plan Of Reorganization, And (2) Extending Debtors' Period To Assume Or Reject Unexpired Leases Of Non-Residential Real Property (the "Motion") and the reply filed by the Debtors in support of the Motion.

3. The Debtors are moving forward expeditiously with their process of marketing for sale or refinance (the "Transaction Process") the rights to the *Terminator* film franchise (the "Franchise").

4. To this end, on December 18, 2009, the Debtors filed pleadings relating to the Transaction Process and set a sale hearing in February 2010.

5. Although the Debtors expect to conclude the Transaction Process in February 2010, certain details about the structure of the final transaction remain unknown, including, for example, whether the Debtors will receive all cash or cash and a contingent component in exchange for the Franchise. These additional details may affect the structure and content of a proposed plan.

6. The Debtors' dispute with Pacificor concerning the amount of Pacificor's alleged claims remains unresolved. The Debtors filed a complaint, initiating an adversary proceeding against Pacificor and Pacificor has filed a motion with this Court seeking to compel the parties to binding arbitration. Absent settlement negotiations, which Pacificor has thus far refused due to drastically differing interpretations by the parties of a prior settlement agreement, the Debtors estimate that it may take upwards of 6-12 months to resolve the Pacificor dispute through litigation.

7. The Debtors' dispute with Guinn also remains unresolved. Because Guinn was hired by the Debtors to work to resolve the Pacificor dispute, it will be difficult to value Guinn's services

until the Pacificor matter is resolved. The parties have commenced non-binding arbitration, as ordered by the Court, and have engaged in limited settlement discussions; the Debtors may be able to finalize a settlement offer to Guinn following the proposed sale hearing.

8. The Debtors are hopeful that the various proceedings aimed at monetizing the Franchise and resolving the Pacificor and Guinn disputes will provide information necessary for formulating a concrete and meaningful plan of reorganization.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of January, 2010 at Los Angeles, California.

                                          /s/ Scott G. Gautier
                                              Scott F. Gautier

| In re:  T Asset Acquisition Company, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-31853-ER |
| | (Jointly Administered with Case Nos.: 2:09-31854-ER and 2:09-31855-ER) |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, Suite 1450, Los Angeles, CA  90067.**

The foregoing document described **REPLY IN SUPPORT OF DEBTORS' MOTION TO (1) EXTEND DEBTORS' EXCLUSIVITY PERIOD FOR FILING AND GAINING ACCEPTANCE OF A PLAN OF REORGANIZATION, AND (2) EXTENDING DEBTORS' PERIOD TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY; DECLARATION OF SCOTT F. GAUTIER**, will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 6, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

David E Ahdoot     dahdoot@bushgottlieb.com, tjimines@bushgottlieb.com
Korin A Avelino     kelliott@ktbslaw.com
Austin K Barron     abarron@buchalter.com, IFS_filing@buchalter.com;salarcon@buchalter.com
Sandor T Boxer     tedb@tedboxer.com
Martin J Brill     mjb@lnbrb.com
Alberto J Campain     acampain@blutlaw.com
Marc S Cohen     mcohen@kayescholer.com
Ashleigh A Danker     adanker@kayescholer.com
G Larry Engel     lengel@mofo.com
Wayne S Flick     wayne.s.flick@lw.com, colleen.rico@lw.com
Scott F Gautier     sgautier@pwkllp.com
Julian I Gurule     jgurule@pwkllp.com
Brian T Harvey     bharvey@buchalter.com, IFS_filing@buchalter.com
Louis E Kempinsky     lkempinsky@pwkllp.com
Joseph A Kohanski     jkohanski@bushquinonez.com
Dare Law     dare.law@usdoj.gov
David W Levene     dwl@lnbrb.com
Richard Levy     rlevy@pryorcashman.com
Monserrat Morales     mmorales@pwkllp.com
Juliet Y Oh     jyo@lnbrb.com, jyo@lnbrb.com
Kimberly A Posin     kim.posin@lw.com
David B Shemano     dshemano@pwkllp.com
Adam M Starr     starra@gtlaw.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Jason Wallach     jwallach@gladstonemichel.com
Pamela Kohlman Webster     pwebster@buchalter.com
Howard J Weg     hweg@pwkllp.com

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                                **F 9013-3.1**

| In re: T Asset Acquisition Company, LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-31853-ER |
| | (Jointly Administered with Case Nos.: 2:09-31854-ER and 2:09-31855-ER) |

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **January 6, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Served by U.S. Mail**
Honorable Ernest M. Robles
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **January 6, 2010** | **Grazel Garcia** | **/s/ Grazel Garcia** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                         **F 9013-3.1**