FORM B104    (08/07)                                                                                     2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>T Asset Acquisition Company, LLC, et. al.<br>(See attached sheet) | DEFENDANTS<br>Susan Guinn, an individual |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Peitzman, Weg & Kempinsky, LLP   Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP<br>10100 Santa Monica Blvd., Ste. 1450   10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067   Los Angeles, CA 90067<br>(310) 552-3100   (310) 553-3000 | ATTORNEYS (If Known)<br>(See attached sheet) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. Sections 544(a), 550 and 551; Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. Sections 544(a), 550 and 551; Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. Sections 547, 550 and 551; and Disallowance of Claims Pursuant to 11 U.S.C. Section 502(b)(1)

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
Avoidance and Recovery of Transfers [11 U.S.C. Sections 544(a), 550 and 551]; Disallowance of Claims [11 U.S.C. Section 502(b)(1)]; Costs of Suit

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR<br>T Asset Acquisition Company, LLC, et al | BANKRUPTCY CASE NO.<br>2:09-31853-ER (See Attached Sheet) |

| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest Robles |
| --- | --- | --- |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| --- | --- | --- |
| PLAINTIFF<br>Dominion Group, LLC, et al | DEFENDANT<br>Susan L. Guinn, an individual; and DOES 1-10 | ADVERSARY PROCEEDING NO.<br>2:09-02647-ER |

| DISTRICT IN WHICH ADVERSARY IS PENDING<br>USBC Central Disctict of California | DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest Robles |
| --- | --- | --- |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>6/14/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>James P. Menton, Jr. |
| --- | --- |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

## EXHIBIT TO ADVERSARY COVER SHEET

IN RE:    **T ASSET ACQUISITION COMPANY, LLC; HALCYON HOLDING GROUP, LLC, dba THE HALCYON COMPANY; DOMINION GROUP, LLC; T ASSET INTERNATIONAL (BVI), Ltd.; T SALVATION DISTRIBUTION, LLC; T SALVATION PRODUCTIONS, LLC; HALCYON CONSUMER PRODUCTS, LLC; HALCYON GAMES, LLC; HALCYON INTERNATIONAL (BVI), Ltd.; and  T SALVATION DISTRIBUTION (BVI), Ltd., Debtors**

CASE NO.:    (Jointly Administered with Case Nos.:
2:09-31854-ER, 2:09-31855-ER, 2:10-10851-ER, 2:10-10852-ER, 2:10-10853-ER, 2:10-10854-ER, 2:10-10855-ER, 2:10-10856-ER, 2:10-10857-ER, 2:10-10858-ER)

ADVERSARY PROCEEDING:

**T ASSET ACQUISITION COMPANY, LLC**, a Delaware limited liability company; **HALCYON HOLDING GROUP, LLC**, dba **THE HALCYON COMPANY**, a Delaware limited liability company; **DOMINION GROUP, LLC**, a California limited liability company; **T ASSET INTERNATIONAL (BVI), Ltd.; T SALVATION DISTRIBUTION, LLC**, a California limited liability company; **T SALVATION PRODUCTIONS, LLC**, a California limited liability company; **HALCYON CONSUMER PRODUCTS, LLC**, a California limited liability company; **HALCYON GAMES, LLC**, a Delaware limited liability company; **HALCYON INTERNATIONAL (BVI), Ltd.; and  T SALVATION DISTRIBUTION (BVI), Ltd.,**

Plaintiffs,

v.

**Susan L. Guinn,** an individual,

Defendant (s).

| PARTY: | AGENT OF SERVICE: | COUNSEL: |
|---|---|---|
| Susan L. Guinn | | Dan Stormer, Esq.<br>Anne Richardson, Esq.<br>Hadsell Stormer Keeny Richardson & Renick, LLP<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103-3645<br><br>Sandor T. Boxer, Esq.<br>Law Offices of Sandor T. Boxer<br>12400 Wilshire Boulevard,<br>Suite 1300<br>Los Angeles, CA 90025 |

1  James P. Menton, Jr (State Bar No. 159032)
   jmenton@pwkllp.com
2  Jennifer W. Leland (State Bar No. 185951)
   jleland@pwkllp.com
3  Monsi Morales (State Bar No. 235520)
   mmorales@pwkllp.com
4  PEITZMAN, WEG & KEMPINSKY LLP
   10100 Santa Monica Boulevard, Suite 1450
5  Los Angeles, CA  90067
   Telephone: (310) 552-3100
6  Facsimile:  (310) 552-3101

7  Patricia Glaser (State Bar No. 55668)
   pglaser@glaserweil.com
8  Matthew Gershman (State Bar No. 253031)
   mgershman@glaserweil.com
9  GLASER, WEIL, FINK, JACOBS,
      HOWARD & SHAPIRO, LLP
10 10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
11 Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
12

13 Attorneys for Plaintiffs T Asset Acquisition Company, LLC, Halcyon
   Holding Group, LLC, dba The Halcyon Company, Dominion Group,
14 LLC, T Asset International (BVI), Ltd., T Salvation Distribution, LLC, T
   Salvation Productions, LLC, Halcyon Consumer Products, LLC, Halcyon
15 Games, LLC, Halcyon International (BVI), Ltd., and T Salvation
   Distribution (BVI), Ltd., Debtors and Debtors in Possession

16              **UNITED STATES BANKRUPTCY COURT**

17               **CENTRAL DISTRICT OF CALIFORNIA**

18                      **LOS ANGELES DIVISION**

| | |
|---|---|
| 19  In re: | Case No.: 2:09-31853-ER |
| 20 | Chapter 11 |
| T ASSET ACQUISITION COMPANY, LLC, *et al.*, | |
| 21 | (Jointly Administered with Case Nos.: |
|        Debtors. | 2:09-31854-ER, 2:09-31855-ER, 2:10-10851- |
| 22 | ER, 2:10-10852-ER, 2:10-10853-ER, 2:10- |
| | 10854-ER, 2:10-10855-ER, 2:10-10856-ER, |
| 23  T ASSET ACQUISITION COMPANY, LLC, a | 2:10-10857-ER, 2:10-10858-ER) |
| Delaware limited liability company; HALCYON | |
| 24 HOLDING GROUP, LLC, dba THE HALCYON | Adv. Case No.: |
| COMPANY, a Delaware limited liability company; | |
| 25 DOMINION GROUP, LLC, a California limited | **COMPLAINT FOR:** |
| liability company; T ASSET INTERNATIONAL | |
| 26 (BVI), Ltd.; T SALVATION DISTRIBUTION, LLC, | **(1) AVOIDANCE AND RECOVERY OF** |
| a California limited liability company; T | **TRANSFERS PURSUANT TO 11 U.S.C.** |
| 27 SALVATION PRODUCTIONS, LLC, a California | **§§ 544(a), 550 AND 551;** |
| limited liability company; HALCYON CONSUMER | |
| 28 | **(2) AVOIDANCE AND RECOVERY OF** |

| | |
|---|---|
| PRODUCTS, LLC, a California limited liability company; HALCYON GAMES, LLC, a Delaware limited liability company; HALCYON INTERNATIONAL (BVI), Ltd.; and  T SALVATION DISTRIBUTION (BVI), Ltd., | **FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(a), 550 AND 551;** |
| | **(3) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 550 AND 551; AND** |
|         Plaintiffs, | |
|   v. | **(4) DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(b)(1)** |
| SUSAN L. GUINN, an individual, | |
|            Defendant. | |

Plaintiffs T Asset Acquisition Company, LLC, Halcyon Holding Group, LLC, dba The Halcyon Company, T Asset International (BVI), Ltd., T Salvation Distribution, LLC, T Salvation Distribution (BVI), Ltd., T Salvation Productions, LLC, Halcyon Consumer Products, LLC, Halcyon Games, LLC, and Halcyon International (BVI), Ltd., (collectively, "Halcyon Plaintiffs") and Dominion Group, LLC ("Dominion," and together with the Halcyon Plaintiffs, "Plaintiffs") hereby allege as follows:

## JURISDICTION AND VENUE

1.      On August 17, 2009 ("Initial Petition Date"), separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") were filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("Court") by plaintiffs T Asset Acquisition Company, LLC, Halcyon Holding Group, LLC, dba The Halcyon Company, and Dominion Group, LLC (collectively, "Initial Debtors").

2.      On January 9, 2010 ("Affiliate Petition Date"), separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code were filed in the Court by plaintiffs T Salvation Productions, LLC, T Salvation Distribution, LLC, T Salvation Distribution (BVI), Ltd., T Asset International (BVI), Ltd., Halcyon Consumer Products, LLC, Halcyon International (BVI), Ltd., and Halcyon Games, LLC (collectively, "Affiliated Debtors").   On January 22, 2010, the Court entered an order providing for the joint administration of the chapter 11 cases of the Initial Debtors and the Affiliated Debtors.

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (C), (F), (H), (K) and (O).

1      4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1409(a).

2                                          **PARTIES**

3      5.      Plaintiff Dominion is a California limited liability company whose principal place of

4    business is in Los Angeles, California, and is wholly-owned by Derek Anderson and Victor Kubicek.

5      6.      Plaintiff Halcyon Holding Group, LLC d/b/a The Halcyon Company ("HHG") is a

6    Delaware limited liability company whose principal place of business is in Los Angeles, California, and

7    is primarily owned by Dominion.

8      7.      Plaintiff T Asset Acquisition Company, LLC ("TAC") is a Delaware limited liability

9    company whose principal place of business is in Los Angeles, California, and is a wholly-owned

10   subsidiary of HHG.

11     8.      Plaintiff T Salvation Productions, LLC is a California limited liability company whose

12   principal place of business is in Los Angeles, California, and is a wholly-owned subsidiary of HHG.

13     9.      Plaintiff T Salvation Distribution, LLC is a California limited liability company whose

14   principal place of business is in Los Angeles, California, and is a wholly-owned subsidiary of HHG.

15     10.     Plaintiff T Salvation Distribution (BVI), Ltd. is a wholly-owned subsidiary of HHG.

16     11.     Plaintiff T Asset International (BVI), Ltd. is a wholly-owned subsidiary of HHG.

17     12.     Plaintiff Halcyon Consumer Products, LLC is a California limited liability company

18   whose principal place of business is in Los Angeles, California, and is a wholly-owned subsidiary of

19   HHG.

20     13.     Plaintiff Halcyon International (BVI), Ltd. is a wholly-owned subsidiary of HHG.

21     14.     Plaintiff Halcyon Games, LLC, is a Delaware limited liability company whose principal

22   place of business is in Los Angeles, California, and is a wholly-owned subsidiary of HHG.

23     15.     Defendant Susan L. Guinn ("Guinn" or "Defendant") is an individual residing in the

24   County of San Diego, in the State of California, who represented the Halcyon Entities (as that term is

25   defined below) in Los Angeles, California.

26     16.     Non-party Derek Anderson ("Anderson") is an individual residing in the County of Los

27   Angeles, in the State of California.

28

---

COMPLAINT

17.     Non-party Victor Kubicek ("Kubicek") is an individual residing in the County of Los Angeles, in the State of California.

18.     Non-party Halcyon Development, LLC is a wholly-owned subsidiary of HHG.

19.     Non-party Flow Productions, LLC is a wholly-owned subsidiary of HHG.

20.     Non-party Halcyon Music Publishing, LLC is a wholly-owned subsidiary of HHG.

21.     The Halcyon Plaintiffs together with Halcyon Development, LLC, Flow Productions, LLC and Halcyon Music Publishing, LLC shall be known collectively as the "Halcyon Entities."

## GENERAL ALLEGATIONS

**A.**     **The Corporate Structure Of The Halcyon Entities And Their Relationship To The Debtors, Anderson, And Kubicek.**

22.     The Halcyon Entities were the owners of certain rights, title and interest in and to the highly successful *Terminator* motion picture franchise ("Franchise") and produced the feature film *Terminator: Salvation*, which was the most recent release in the Franchise. The Halcyon Entities held the rights to the Franchise and produced *Terminator: Salvation* through various special purpose entities, all of which are subsidiaries of HHG. HHG is the parent company and its subsidiaries are TAC, T Salvation Productions, LLC, T Salvation Distribution, LLC, T Salvation Distribution (BVI), Ltd., Halcyon International (BVI), Ltd., T Asset International (BVI), Ltd., Halcyon Consumer Products, LLC, Flow Productions, LLC, Halcyon Games, LLC, Halcyon Development LLC, and Halcyon Music Publishing LLC.

23.     Anderson and Kubicek are the co-CEOs of HHG and have overall responsibility for the operations of HHG's subsidiaries.

24.     Dominion is the personal holding company for Anderson and Kubicek and is a major member of HHG. Dominion is not a subsidiary of any of the Halcyon Entities.

**B.**     **Guinn Was Retained By The Halcyon Entities To Represent The Halcyon Entities In A Dispute With Their Lender.**

25.     Guinn is a California licensed attorney who, according to her website, susanguinnlaw.com, specializes in environmental law, product liability, business litigation, birth injury, medical malpractice, severe personal injury, and insurance bad faith.

26. In or about February 2009, the Halcyon Entities (not Dominion) retained Guinn to represent them in series of disputes related to HHG's lender ("Lender"). Prior to being retained by the Halcyon Entities, Guinn reviewed all of the documents relating to, among other things, the corporate structure of the Halcyon Entities. Specifically and without limitation, Anderson and Kubicek told Guinn that Dominion was not a subsidiary of any of the Halcyon Entities and that Dominion would not pay or provide security for payment of Guinn's fees.

27. Thereafter, on or about February 10, 2009, on behalf of the Halcyon Entities, Anderson and Kubicek executed the Legal Fee Retainer Contract dated as of February 9, 2009, which was amended by that certain Addendum to Legal Fee Retainer Contract dated as of February 12, 2009 and by that Statement of Accounting dated February 16, 2009 (collectively, "Fee Agreement"). The parties to the Fee Agreement were "Halcyon Holding Group, LLC, a Delaware limited liability company ('HHG'); and, the T. Asset Acquisition Company LLC, and every other subsidiary of HHG together with their respective successors and permitted assigns," on the one hand, and Guinn, on the other. Dominion, Anderson and Kubicek are not parties to the Fee Agreement.

28. The Fee Agreement is a complicated document providing various forms of compensation for achieving certain milestones on a contingency basis. Included in the potential compensation Guinn may have received under the Fee Agreement was a percentage of the profits from *Terminator: Salvation*. As a result, the Fee Agreement contemplated that Guinn's percentage of the profits from *Terminator: Salvation* would be paid out of monies distributed through the Collection Account Management Agreement ("CAM Agreement"), which is an agreement with various parties that controls the flow of monies to the profit participants on *Terminator: Salvation*.

29. In paragraph 15 of the Fee Agreement, entitled "Creation, Perfection and Protection of Lien," the Halcyon Entities granted Guinn "a lien on the Terminator Franchise owned and operated by HHG/Halcyon, including, but not limited to, profits from the motion picture *T4: Terminator Salvation* as well as the T5 and T6 sequels ('Collateral')." A lien was never granted as to the assets of Dominion because Dominion is not a party to the Fee Agreement.

**C.**   **A Dispute Arises Between The Halcyon Entities And Guinn Due To Guinn's Breaches Of**
**Fiduciary Duties To Her Clients, The Halcyon Entities.**

30.    In May 2009, Guinn acknowledged in writing that, for a variety of reasons, it would not be feasible to pay her through the CAM Agreement.  Instead, Guinn requested an irrevocable direction to the entity administering the CAM Agreement to make the payments to her.  Guinn also sought additional rights and remedies beyond those that were contained in the Fee Agreement that were not acceptable to the Halcyon Entities.  The Halcyon Entities agreed to execute an irrevocable direction if the additional rights and remedies were removed, but Guinn refused.  Guinn then claimed the Halcyon Entities were in default under the Fee Agreement.

31.    As part of this dispute, the Halcyon Entities consulted with other counsel, who was shocked by the Fee Agreement because it is unconscionable on its face in violation of the California Rules of Professional Conduct.  By way of example only, the Fee Agreement requires the Halcyon Entities to pay Guinn $1.8 million and 1.75% of the gross proceeds of *Terminator: Salvation* (potentially constituting several million dollars) for handling a simple breach of contract claim between HHG and the Lender.  The Halcyon Entities and Guinn are currently arbitrating the issue of the Fee Agreement before the Los Angeles County Bar Association's Dispute Resolution Services.

32.    In the midst of this dispute, (a) on May 28, 2009, Guinn recorded a copyright mortgage that purported to perfect liens on the assets of Plaintiffs with the U.S. Copyright Office (volume 2578, document no. 601), (b) on May 29, 2009, Guinn filed a UCC-1 financing statement that purported to perfect liens on the assets of Plaintiffs with the Secretary of State's Offices in Delaware (file no. 20091780938), and (c) on June 1, 2009, Guinn filed a UCC-1 financing statement that purported to perfect liens on the assets of Plaintiffs with the Secretary of State's Offices in California (file no. 09-7198159887).  Guinn describes her purported liens on the assets of Plaintiff in her various filings as a "charging lien."

33.    Even though the Fee Agreement only applied to the Halcyon Entities, (a) Guinn improperly filed the financing statements identified in paragraph 32 above that purport to perfect liens on the assets of Dominion ("Improper Dominion Financing Statements"), (b) Guinn improperly filed the copyright mortgage identified in paragraph 32 above that purports to perfect liens on the assets of

1    Dominion ("Improper Dominion Copyright Mortgage"), and (c) Guinn improperly asserts a purported

2    charging lien on the assets of Dominion ("Improper Dominion Charging Lien").

3         34.    Currently, a removed state court proceeding is pending as an adversary proceeding

4    before this Court to determine whether the alleged Improper Dominion Financing Statements were

5    improperly filed against Dominion under state law and whether they should be expunged under state

6    law. The complaint herein seeks to disallow and avoid as a matter of federal law under the Bankruptcy

7    Code the alleged liens asserted by Guinn against Dominion.

8         35.    In addition, the financing statements identified in paragraph 32 above against the

9    Halcyon Plaintiffs ("Improper Halcyon Financing Statements") were overly broad and fraudulent.

10    Instead of attaching the relevant portions of the Fee Agreement showing the scope of the actual security

11    interests in the assets granted by the Halcyon Plaintiffs, Guinn attached to the Improper Halcyon

12    Financing Statements the portions of the loan agreements between HHG and the Lender granting the

13    Lender security interests, which covered a much broader range of assets than the Fee Agreement

14    provided to Guinn as collateral. Further, Guinn's asserted charging lien against the Halcyon Plaintiffs

15    ("Improper Halcyon Charging Lien") does not, in fact, constitute a charging lien under state law. Thus,

16    the complaint herein also seeks to disallow and avoid as a matter of federal law under the Bankruptcy

17    Code the alleged liens asserted by Guinn against the Halcyon Plaintiffs.

18    **FIRST CLAIM FOR RELIEF**

19    (Avoidance and Recovery of Transfers – 11 U.S.C. §§ 544(a), 550 and 551;

20    Dominion against Defendant)

21         36.    Dominion repeats and re-alleges the allegations contained in paragraphs 1 through 35,

22    inclusive, hereof, and incorporates them by this reference as if fully set forth herein.

23         37.    Guinn purported to place liens on the assets of Dominion by filing the Improper

24    Dominion Financing Statements against Dominion with the respective Secretary of State's Offices in

25    Delaware and California.

26         38.    California Commercial Code section 9509 provides, in relevant part and among other

27    things, that a person may file an initial financing statement only if the debtor authorizes the filing in an

28    authenticated record or by authenticating or becoming bound as debtor by a security agreement.

39.    Dominion did not authorize Guinn to file the Improper Dominion Financing Statements against Dominion and Dominion is not a debtor-party to any security agreement with Guinn. Guinn's filing of the Improper Dominion Financing Statements, were purportedly based on the Fee Agreement, but Dominion was not a party to the Fee Agreement.

40.    Guinn's recording of the Improper Dominion Copyright Mortgage and assertion of the Improper Dominion Charging Lien were also purportedly based on the Fee Agreement to which Dominion is not a party and as to which they were unauthorized and are invalid.

41.    A creditor extending credit to Dominion as of its bankruptcy filing date, and obtaining a judicial lien encumbering the assets of Dominion at such time with respect to such credit, would have priority in lien rights over the liens and security interests asserted by Guinn with respect to the assets of Dominion.

42.    A creditor extending credit to Dominion as of its bankruptcy filing date, and obtaining an execution against Dominion that is returned unsatisfied at such time with respect to such credit, would have priority in lien rights over the liens and security interests asserted by Guinn with respect to the assets of Dominion.

43.    By reason of the foregoing, because the Improper Dominion Financing Statements and the Improper Dominion Copyright Mortgage filed against Dominion were not authorized and are invalid, and because the Improper Dominion Charging Lien asserted against Dominion was not authorized and is invalid, Guinn's alleged liens on the assets of Dominion may be disregarded and avoided by Dominion, pursuant to 11 U.S.C. sections 544(a)(1) and  544(a)(2) and applicable law, including California Commercial Code section 9509, and recorded and preserved for the benefit of the estate, pursuant to 11 U.S.C. section 550 and 551.

## SECOND CLAIM FOR RELIEF

(Avoidance and Recovery of Transfers – 11 U.S.C. §§ 544(a), 550 and 551;

All Halcyon Plaintiffs against Defendant)

44.    The Halcyon Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 35, inclusive, hereof, and incorporate them by this reference as if fully set forth herein.

COMPLAINT

45.     Guinn purported to place liens on the assets of the Halcyon Plaintiffs by filing the Improper Halcyon Financing Statements against the Halcyon Plaintiffs with the respective Secretary of State's Offices in Delaware and California.

46.     California Commercial Code section 9509 provides, in relevant part and among other things, that a person may file an initial financing statement only if the debtor authorizes the filing in an authenticated record or by authenticating or becoming bound as debtor by a security agreement.

47.     The Improper Halcyon Financing Statements filed against the Halcyon Plaintiffs were not authorized and are invalid on their face because the security interests asserted in the Improper Halcyon Financing Statements by Guinn are overly broad and exceed the scope of any security interests granted by the Halcyon Plaintiffs to Guinn under the Fee Agreement.  Guinn's Improper Halcyon Financing Statements against the Halcyon Plaintiffs are thus improper and invalid under state law.   The Improper Halcyon Charging Lien asserted against the Halcyon Plaintiffs was also not authorized and is invalid because Guinn received no charging lien under the Fee Agreement.

48.     A creditor extending credit to the Halcyon Plaintiffs as of their bankruptcy filing date, and obtaining a judicial lien encumbering the assets of the Halcyon Plaintiffs at such time with respect to such credit, would have priority in lien rights over the liens and security interests asserted by Guinn with respect to the assets of the Halycon Plaintiffs.

49.     A creditor extending credit to the Halycon Plaintiffs at the time of the commencement of their respective bankruptcy cases, and obtaining an execution against the Halycon Plaintiffs that is returned unsatisfied at such time with respect to such credit, would have priority in lien rights over the liens and security interests asserted by Guinn with respect to the assets of the Halycon Plaintiffs.

50.     Since the Improper Halcyon Financing Statements filed against the Halcyon Plaintiffs were not authorized and are invalid, and since the Improper Halcyon Charging Lien asserted against the Halcyon Plaintiffs was unauthorized and is invalid, Guinn's alleged liens on the assets of the Halcyon Plaintiffs may be disregarded and avoided by the Halcyon Plaintiffs, pursuant to 11 U.S.C. sections 544(a)(1) and 544(a)(2) and applicable law, including California Commercial Code section 9509, and recovered and preserved for the benefit of the estate, pursuant to 11 U.S. C. sections 550 and 551.

1      51.    In the alternative, even if the Improper Halcyon Financing Statements and Improper

2  Halcyon Charging Lien were authorized with respect to any security interests granted by the Halcyon

3  Plaintiffs under the Fee Agreement ("Authorized Security Interests"), any purported security interests in

4  the assets of the Halcyon Plaintiffs beyond the scope of the Authorized Security Interests asserted by

5  Guinn in the Improper Halcyon Financing Statements and by the Improper Halcyon Charging Lien is

6  improper and invalid under state law ("Unauthorized Security Interests").  Because the Improper

7  Halcyon Financing Statements and the Improper Halcyon Charging Lien were not authorized and are

8  invalid under state law with respect to the Unauthorized Security Interests, the alleged liens on the

9  assets of the Halcyon Plaintiffs to the extent of the Unauthorized Security Interests may be disregarded

10  and avoided by the Halcyon Plaintiffs pursuant to 11 U.S.C. sections 544(a)(1) and 544(a)(2) and

11  applicable law, including California Commercial Code section 9509, and recovered and preserved for

12  the benefit of the estate, pursuant to 11 U.S. C. sections 550 and 551.

13                              **THIRD CLAIM FOR RELIEF**

14        (For Avoidance and Recovery of Fraudulent Transfers – 11 U.S.C. §§ 548(a), 550 and 551;

15                                Dominion against Defendant)

16      52.    Dominion repeats and re-alleges the allegations contained in paragraphs 1 through 35,

17  inclusive, hereof, and incorporates them by this reference as if fully set forth herein.

18      53.    Dominion alleges that within two years of the Initial Petition Date, Guinn purported to

19  perfect allegedly secured interests in favor of herself and against Dominion by asserting that she

20  received the Improper Dominion Charging Lien, by filing the Improper Dominion Financing Statements

21  with the respective Secretary of State's Offices in Delaware and California, and by filing the Improper

22  Dominion Copyright Mortgage with the U.S. Copyright Office ("Dominion Fraudulent Transfers").

23  The Dominion Fraudulent Transfers purport to place a lien on the assets of Dominion.

24      54.    Dominion is informed and believes and thereupon alleges that Dominion was at no time

25  a client of Guinn and at no time did Guinn perform legal services for Dominion.  Dominion is informed

26  and believes and thereupon alleges that Guinn's representation of Halcyon and any other affiliated

27  entities provided no benefit or value to Dominion or any benefit or value was unreasonable small

28  compared to the value of the assets against which Guinn purported to perfect liens through receipt of

the Improper Dominion Charging Lien and by filing the Improper Dominion Financing Statements and the Improper Dominion Copyright Mortgage.   Accordingly, Dominion is informed and believes and thereupon alleges that Dominion did not receive reasonably equivalent value in exchange for the Dominion Fraudulent Transfers.

55.    Dominion is informed and believes and thereupon alleges that at the time the Dominion Fraudulent Transfers were made, Dominion (i) was insolvent or became insolvent as a result of the Dominion Fraudulent Transfers, (ii) was engaged or about to engage in business or transactions for which the remaining property of Dominion was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

56.    By reason of the foregoing, Dominion is entitled to avoid and set aside the Dominion Fraudulent Transfers, to recover from Guinn the property transferred by the Dominion Fraudulent Transfers, or the value of such property, and to preserve the Dominion Fraudulent Transfers for the benefit of the estate pursuant to 11 U.S.C. sections 548(a)(1)(B), 550 and 551.

## FOURTH CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers – 11 U.S.C. §§ 548(a), 550, 551;

All Affiliated Debtors against Defendant)

57.    The Affiliated Debtors repeat and re-allege the allegations contained in paragraphs 1 through 35, inclusive, hereof, and incorporate them by this reference as if fully set forth herein.

58.    The Affiliated Debtors allege that within two years of the Affiliate Petition Date, Guinn purported to perfect alleged security interests in favor of herself and against each of the Affiliated Debtors by filing the Improper Halcyon Financing Statements with the respective Secretary of State's Offices in Delaware and California, by filing the Improper Halcyon Copyright Mortgage with the U.S. Copyright Office, and by asserting the Improper Halcyon Charging Lien ("Dominion Fraudulent Transfers"). The Affiliate Fraudulent Transfers purport to place liens on the assets of the Affiliated Debtors.

59.    The Affiliated Debtors are informed and believe and thereupon allege that at no time were they obligated to the Lender on any loan. The Affiliated Debtors are informed and believe and thereupon allege that (i) while Guinn may have performed some ancillary legal services for one or more

1    of the Affiliated Debtors, Guinn predominantly performed legal services for HHG and TAC in a dispute

2    with the Lender, and (ii) the legal services provided by Guinn in the dispute provided no benefit or

3    value to the Affiliated Debtors.  Accordingly, the Affiliated Debtors are informed and believe and

4    thereupon allege that the Affiliated Debtors did not receive reasonably equivalent value in exchange for

5    the Affiliate Fraudulent Transfers.

6        60.    The Affiliated Debtors are informed and believe and thereupon allege that at the time the

7    Affiliate Fraudulent Transfers were made, the Affiliated Debtors (i) were insolvent or became insolvent

8    as a result of the Affiliate Fraudulent Transfers, (ii) were engaged or about to engage in business or

9    transactions for which the remaining property of the Affiliated Debtors was unreasonably small capital,

10   or (iii) intended to incur, or believed that it would incur, debts beyond their ability to pay as such debts

11   matured.

12       61.    By reason of the foregoing, the Affiliated Debtors are entitled to avoid and set aside the

13   Affiliate Fraudulent Transfers, to recover from Guinn the property transferred by the Affiliate

14   Fraudulent Transfers, or the value of such property, and to preserve the Affiliate Fraudulent Transfers

15   for the benefit of the estate pursuant to 11 U.S.C. sections 548(a)(1)(B), 550 and 551.

16   **FIFTH CLAIM FOR RELIEF**

17   (For Avoidance and Recovery of Preferential Transfers – 11 U.S.C. §§ 547, 550, and 551;

18   TAC and HHG against Defendant)

19       62.    Plaintiffs HHG and TAC repeat and re-allege the allegations contained in paragraphs 1

20   through 35, inclusive, hereof, and incorporate them by this reference as if fully set forth herein.

21       63.    HHG and TAC allege that within 90 days of the Initial Petition Date, Guinn purported to

22   perfect alleged security interests in favor of herself and against each of HHG and TAC, by filing the

23   Improper Halcyon Financing Statements identified in paragraph 32 above with the respective Secretary

24   of State's Offices in Delaware and California, by filing the Improper Halcyon Copyright Mortgage, and

25   by asserting the Improper Halcyon Charging Lien ("Preferential Transfers").  The Preferential Transfers

26   covered as collateral, among other things, each of HHG's and TAC's rights, title and interests in the

27   Franchise.

28

64.     The Preferential Transfers were transfers of an interest in property of each of HHG and TAC for or on account of an antecedent debt purportedly owed by each of HHG and TAC to Guinn before the Preferential Transfers were made.

65.     The Preferential Transfers were made while HHG and TAC were insolvent.

66.     The Preferential Transfers enabled Guinn, as a creditor, to receive more than she otherwise would receive if their chapter 11 cases were cases under chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and Guinn received payment of such purported debt to the extent provided by the provisions of the Bankruptcy Code.

67.     By reason of the foregoing, HHG and TAC are entitled to avoid and set aside the Preferential Transfers, to recover from Guinn the property transferred by the Preferential Transfers, or the value of such property, and to preserve the Preferential Transfers for the benefit of the estate pursuant to 11 U.S.C. sections 547, 550 and 551.

## SIXTH CLAIM FOR RELIEF

(For Disallowance of Claims – 11 U.S.C. § 502(b);

All Plaintiffs Against Defendant)

68.     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 67, inclusive, hereof, and incorporate them by this reference as if fully set forth herein.

69.     Plaintiffs are informed and believe and thereupon therein allege that Guinn has asserted alleged claims against property of Plaintiffs resulting from the filing of the Improper Dominion Financing Statements and the Improper Halcyon Financing Statements against Plaintiffs with the respective Secretary of State's Offices in Delaware and California, the filing of the Improper Dominion Copyright Mortgage and the Improper Halcyon Copyright Mortgage, and the assertion of the Improper Dominion Charging Lien and the Improper Halcyon Charging Lien ("Claims").

70.     Plaintiffs are informed and believe and thereon allege that the Claims are unenforceable against Plaintiffs and property of Plaintiffs under the Fee Agreement or applicable law for a reason other than because any such claim is contingent or unmatured.

71.    By reason of the foregoing, the Claims should be disallowed and the liens against the Plaintiffs' assets represented by the Claims declared void in their entirety pursuant to 11 U.S.C. sections 102 and 502(b)(1).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

### On The First Claim for Relief

1.    For avoidance and recovery of the alleged liens that are the subject of the Improper Dominion Financing Statements filed against Dominion with the respective Secretary State's Offices in Delaware and California, the Improper Dominion Copyright Mortgage filed against Dominion with the U.S. Copyright Office, and the Improper Dominion Charging Lien asserted against Dominion, with all such liens to be and preserved for the benefit of the estate.

2.    For costs of suit incurred herein, as allowed by law.

3.    For such other and further relief as the Court deems just and proper.

### On The Second Claim for Relief

1.    For avoidance and recovery of the alleged liens that are the subject of the Improper Halcyon Financing Statements filed against the Halcyon Plaintiffs with the respective Secretary of State's Offices in Delaware and California and the Improper Halcyon Charging Lien asserted against the Halcyon Plaintiffs, with all such liens to be preserved for the benefit of the estate.

2.    In the alternative, for avoidance and recovery of the alleged liens that are the subject of the Improper Halcyon Financing Statements filed against the Halcyon Plaintiffs with the respective Secretary of State's Offices in Delaware and California and the Improper Halcyon Charging Lien to the extent of the Unauthorized Security Interests, with all such liens to be preserved for the benefit of the estate.

3.    For costs of suit incurred herein, as allowed by law.

4.    For such other and further relief as the Court deems just and proper.

### On The Third Claim for Relief

1.    For avoidance and setting aside of the Dominion Fraudulent Transfers.

2.    For judgment against Guinn for the recovery of the value of property transferred by the Dominion Fraudulent Transfers, plus interest as allowed by law, in an amount to be proven at trial.

3.    For preservation of the Dominion Fraudulent Transfers for the benefit of the estate.

4.    For costs of suit incurred herein, as allowed by law.

5.    For such other and further relief as the Court deems just and proper.

### On The Fourth Claim for Relief

1.    For avoidance and setting aside of the Affiliate Fraudulent Transfers.

2.    For judgment against Guinn for the recovery of the value of property transferred by the Affiliate Fraudulent Transfers, plus interest as allowed by law, in an amount to be proven at trial.

3.    For preservation of the Affiliate Fraudulent Transfers for the benefit of the estate.

4.    For costs of suit incurred herein, as allowed by law.

5.    For such other and further relief as the Court deems just and proper.

### On The Fifth Claim for Relief

1.    For avoidance of the Preferential Transfers.

2.    For judgment against Guinn for the recovery of the value of property transferred by the Preferential Transfers, plus interest as allowed by law, in an amount to be proven at trial.

3.    For costs of suit incurred herein, as allowed by law.

4.    For such other and further relief as the Court deems just and proper.

### On The Sixth Claim for Relief

1.    For disallowance of the Claims and voiding of the liens represented by the Claims in their entirety.

2.    For costs of suit incurred herein, as allowed by law.

3.    For such other and further relief as the Court deems just and proper.

1    Dated: June 14, 2010

GLASER, WEIL, FINK, JACOBS,
HOWARD & SHAPIRO, LLP

and

PEITZMAN, WEG & KEMPINSKY LLP

By: _____
James P. Menton, Jr.

Attorneys for Plaintiffs T Asset Acquisition Company,
LLC, Halcyon Holding Group, LLC, dba The Halcyon
Company, Dominion Group, LLC, T Asset International
(BVI), Ltd., T Salvation Distribution, LLC, T Salvation
Productions, LLC, Halcyon Consumer Products, LLC,
Halcyon Games, LLC, Halcyon International (BVI), Ltd.,
and T Salvation Distribution (BVI), Ltd., Debtors and
Debtors in Possession

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| James P. Menton, Jr. (SB No.: 159032)    Patricia Glaser (SB No.: 55668)<br>Jennifer W. Leland (SB No.: 185951)    Matthew Gershman (SB No.: 253031)<br>Monsi Morales (SB No.: 235520)    Glaser, Weil, Fink, Jacobs, Howard<br>Peitzman, Weg & Kempinsky LLP    & Shapiro, LLP<br>10100 Santa Monica Blvd., Suite 1450    10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067    Los Angeles, CA 90067<br>Telephone: 310-552-3100    Telephone: 310-553-3000<br>Facsimile:  310-552-3101    Facsimile:  310-552-3101<br><br>*Attorney for Plaintiff* T ASSET ACQUISITION COMPANY, LLC, et al | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: T ASSET ACQUISITION COMPANY, LLC, et al.,<br><br><br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER  2:09-31853-ER<br><br>ADVERSARY NUMBER |
|---|---|
| T Asset Acquisition Company, LLC, a Delaware limited liability company;<br>HALCYON HOLDING GROUP, LLC, dba, THE HALCYON COMPANY,<br>a Delaware limited liability Company; DOMINION GROUP, LLC,<br>a California limited liability company; T ASSET INTERNATIONAL<br>(BVI), Ltd.; T SALVATION DISTRIBUTION, LLC, a California limited liability company;<br>T SALVATION PRODUCTIONS, LLC, a California limited liability company;<br>HALCYON CONSUMER PRODUCTS, LLC, a California limited liability company;<br>HALCYON GAMES, LLC, a Delaware limited liability company; HALCYON INTERNATIONAL<br>(BVI), Ltd.; and T SALVATION DISTRIBUTION (BVI), Ltd.,    Plaintiff(s)<br>vs.<br>Susan L. Guinn, an individual    Defendant(s) | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❑  **255 East Temple Street, Los Angeles**       ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**       ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                    **F 7004-1**

Summons and Notice of Status Conference  - *Page 2*                    **F 7004-1**

| In re                    (SHORT TITLE)<br>T ASSET ACQUISITION COMPANY, LLC, et al.,<br><br>                                              Debtor(s). | CASE NO.: 2:09-31853-ER |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:




☐  Service information continued on attached page


**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐  Service information continued on attached page


**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____   I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Summons and Notice of Status Conference  - *Page 3*                    **F 7004-1**

| In re                              (SHORT TITLE)<br>T ASSET ACQUISITION COMPANY, LLC, et al.,<br>                                                    Debtor(s). | CASE NO.: 2:09-31853-ER |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                                **F 7004-1**